**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **KAREN C. SOLLIEN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | NO. 3:13-CV-970-O |
| | § | |
| **CAROLYN W. COLVIN,** | § | |
| **Commissioner of Social Security,** | § | |
| | § | |
| **Defendant.** | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Karen C. Sollien brings this action for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") pursuant to 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is AFFIRMED.

### Background

Plaintiff alleges that she is disabled due to a variety of ailments, including back pain, migraines, depression, anxiety, and asthma. After her application for DIB was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on August 31, 2011. At the time of the hearing, Plaintiff was 44 years old. She has a high school education and past work experience as an emergency medical technician, a veterinary technician, an administrative clerk, a specimen processor, a sterilizer, a marketing representative, a bookkeeper, a receptionist, a pharmaceutical sales representative, and an animal care taker. Plaintiff has not engaged in substantial gainful activity since July 1, 2010.

The ALJ found that Plaintiff was not disabled and therefore not entitled to DIB. Although the medical evidence established that Plaintiff suffered from back disorders, affective mood disorder, asthma, and migraines, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of sedentary work, but could not return to her past relevant employment. Relying on the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff was capable of working as a callout operator, a document preparer, and a final assembler -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

**Legal Standards**

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

> (1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

2

  (2)  an individual who does not have a "severe impairment" will not be found to be disabled;

  (3)  an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

  (4)  if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

  (5)  if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

  The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan* , 914 F.2d 614, 618 (5th Cir. 1990).

  The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which

is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

## Issues

Plaintiff's appeal of the Commissioner's decision raises the following issues:

1. Whether the ALJ improperly rejected the opinions of Plaintiff's treating and examining physicians; and

2. Whether the ALJ's assessment of Plaintiff's residual functional capacity is supported by substantial evidence.

## Analysis

### Medical Source Opinions

Plaintiff contends that the ALJ failed to give proper weight to the opinions of her treating physician, Dr. Robert M. Miller, and a consultative psychological examiner, George R. Mount, Ph.D. (*See* Pl. Br. at 15). The opinion of a treating source is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *Spellman v. Shalala*, 1 F.3d 357, 364 (5th Cir. 1993). Even if a treating source opinion is not given controlling weight, it still is entitled to deference "and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.972." SSR 96-2p, 1996 WL 374188, at *4 (Jul. 2, 1996); *see also Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). These factors require consideration of:

4

      1.      The physician's length of treatment of the claimant;

      2.      The physician's frequency of examination;

      3.      The nature and extent of the treatment relationship;

      4.      The support of the physician's opinion afforded by the medical evidence of record;

      5.      The consistency of the opinion with the record as a whole; and

      6.      The specialization of the treating physician.

20 C.F.R. § 404.1527(c)(2). A treating source opinion cannot be rejected absent good cause for reasons clearly articulated in the hearing decision. *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001). More specifically:

> [T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

SSR 96-2p, 1996 WL 374188, at *4-5.

An ALJ is not bound by any findings made by a non-treating medical source, such as a consultative medical examiner. 20 C.F.R. § 404.1527(e)(2)(i). However, the ALJ must consider such findings as opinion evidence. *Id.*, § 416.927(e)(2)(i). The ALJ may not ignore the opinions of a non-treating medical source and must explain the weight given to such opinions in the written decision. *Id.*, § 404.1527(e)(2)(ii). The ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *Newton*, 209 F.3d at 455.

In a letter dated July 6, 2011, Dr. Miller, a family practitioner, stated that Plaintiff suffers from severe back pain and moderately severe depression and anxiety. (Tr. at 447). He also stated that Plaintiff has a history of asthma and has had difficulties with plantar fasciitis and migraines in the past. (*Id.*). Dr. Miller opined that, as a result of her pain, Plaintiff cannot bend, lift, or stoop; has a hard time walking prolonged distances; is unable to lift more than ten pounds; is unable to sit or stand for prolonged periods; and has a hard time doing any sort of activities of daily living. (*Id.*). Dr. Miller further opined that, because of her depression and anxiety, Plaintiff gets despondent; has a hard time coping with stressors; and has trouble sleeping. (*Id.*). She also takes medication that makes her drowsy. (*Id.*). According to Dr. Miller, Plaintiff is "completely and totally disabled." (*Id*. at 448). Dr. Miller also completed a Physical RFC Questionnaire and a Clinical Assessment of Pain on August 15, 2011, in which he provided answers that similarly indicated Plaintiff was incapable of even sedentary work. (*See id.* at 477-81). More specifically, Dr. Miller stated that Plaintiff could sit, stand, and/or walk less than two hours in an eight-hour work day and would need to shift positions or take unscheduled breaks on a frequent basis; could rarely lift and/or carry less than ten pounds; and could never twist, bend, crouch, or climb ladders or stairs. (*Id.* at 478-79). He also stated that Plaintiff's pain and other symptoms would constantly interfere with the attention and concentration needed to perform simple work tasks and that she was incapable of low stress jobs. (*Id.* at 478). According to Dr. Miller, the extent of Plaintiff's pain was intractable and "virtually incapacitating." (*Id.* at 482).

Dr. Mount evaluated Plaintiff on August 26, 2011 and diagnosed her with major depressive disorder, generalized anxiety disorder, and chronic post-traumatic stress disorder. (*Id.* at 520-32). He opined that Plaintiff suffered from suicidal, invasive thoughts, low energy, weight loss, anxiety,

6

depression, chronic pain, restlessness, and irritability. (*Id*. at 533). In his answers to a Mental RFC Questionnaire, Dr. Mount indicated that Plaintiff was seriously limited or unable to meet competitive standards with respect to numerous mental abilities and aptitudes required to do unskilled work, including: remembering work-like procedures; maintaining attention for a two-hour segment; maintaining regular attendance and customary punctuality; sustaining an ordinary routine without special supervision; working in coordination with or proximity to others without being unduly distracted; completing a normal work day and work week without interruptions from psychologically based symptoms; performing at a consistent pace without an unreasonable number and length of rest periods; accepting instructions and responding appropriately to criticism from supervisors; getting along with co-workers or peers without unduly distracting them; responding appropriately to changes in a routine work setting; and dealing with normal work stress. (*Id*. at 535-36). He also stated that Plaintiff's impairments would cause her to be absent from work more than four days per month. (*Id*. at 537).

The ALJ rejected these opinions and found that Plaintiff could perform a limited range of sedentary work. (*See id.* at 24). More specifically, the ALJ found that Plaintiff retains the RFC to occasionally lift and/or carry ten pounds and frequently lift and/or carry less than ten pounds; stand and/or walk about six hours in an eight-hour work day; and sit for six hours in an eight-hour work day, periodically alternating sitting and standing, at will, to relieve pain and discomfort. (*Id*.). The ALJ limited Plaintiff's RFC to no climbing of ladders, ropes, or scaffolds; occasionally climbing ramps or stairs; occasionally balancing, kneeling, crouching, or stooping; no crawling; and no exposure to excessive heat, hazardous moving machinery, excessive vibration, unprotected heights, or excessive fumes, odors, dusts, chemicals, or gases. (*Id*.). He further found that Plaintiff had the

7

ability to sustain work mentally; understand, remember, and carry out detailed (but not complex) instructions; make judgments on detailed (but not complex) work-related decisions; respond appropriately to supervision, co-workers, and usual work pressures; interact appropriately with the public, supervisors, and co-workers; and respond appropriately to changes in the work setting. (*Id.*).

In his thorough and well-reasoned decision, the ALJ explained that Dr. Miller's contrary opinions were not entitled to controlling weight:

> I considered treating physician Dr. Robert Miller's opinion in July 2011 that the claimant was "disabled," and his August 2011 interrogatory where he stated that the claimant was capable of lifting no more than five pounds and sitting, standing, and walking less than 2 hours in an 8-hour day. . . . The record shows that Dr. Miller, a family practitioner, began treating the claimant in 2009. With regard to the treatment relationship, following the claimant's back surgery in October 2010, the claimant was seen by Dr. Miller on six occasions through July 2011:
>
>> In December 2010, Dr. Miller refilled the claimant's pain medication. In January 2011, the claimant presented to Dr. Miller with a possible reaction to her medication. At that time, Dr. Miller observed that she had a normal gait and decreased range of motion stiffness, and during this period, the claimant advised her back surgeon that she had no leg pain and that her back pain was much better compared to her preoperative pain. In February 2011, the claimant presented to Dr. Miller for treatment of asthma which he described as being "mild." In April and June 2011, Dr. Miller refilled the claimant's medications, and in July 2011, the claimant presented to Dr. Miller with complaints of hormone imbalance. In August 2011, the claimant testified at the hearing that she was riding a horse about once a month.
>
> I conclude that Dr. Miller's opinions are not reasonable in light of other treatment and examination records and the claimant's daily activities, and I find that his opinions warrant very limited weight in this matter.

(*Id.* at 30) (internal citations omitted). This explanation constitutes "good cause" for giving Dr. Miller's opinions limited or no credence. Although the ALJ did not make a specific finding as to each of the factors set forth in 20 C.F.R. § 1527(d)(2), he cited to the relevant regulations and social

8

security rulings and indicated that each of the factors had been considered. (*Id*.). The regulations require only that the Commissioner "apply" the section 1527(c)(2) factors and articulate good reasons for the weight assigned to the treating source opinion. 20 C.F.R. § 1527(c)(2). The ALJ need not recite each factor as a litany in every case. *See Johnson v. Astrue*, No. 3:08-CV-1488-BD, 2010 WL 26469, at *4 (N.D. Tex. Jan. 4, 2010). Moreover, Dr. Miller's statement that Plaintiff is "completely and totally disabled" is not a medical opinion and, thus, has no special significance. 20 C.F.R § 404.1527(d)(1); *see also Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003) (determination that claimant is "unable to work" is a legal conclusion reserved to the Commissioner). No error occurred in this regard.

Nor did the ALJ fail to give proper consideration to Dr. Mount's opinion that Plaintiff's mental impairments are disabling. As the ALJ explained in his written decision, that opinion is contrary to the objective medical evidence in the record, Plaintiff's own testimony, and the ALJ's observations at the hearing. (*See* Tr. at 26). The ALJ's decision reflects that he properly considered Dr. Blount's medical opinions and adequately explains his reasons for rejecting those opinions. *See Taylor v. Apfel*, 228 F.3d 409, 2000 WL 1056273, at *1 (5th Cir. July 24, 2000) (ALJ may reject the opinion of any physician if not supported by the record); *Hutchison v. Apfel*, No. 2:98-CV-087, 2001 WL 336986, at *8-9 (N.D. Tex. Mar. 9, 2001) (ALJ is entitled to reject opinion of medical expert if evidence supports contrary conclusion or if opinion is not adequately supported by the record as a whole).

### Residual Functional Capacity

Plaintiff further contends that the ALJ's RFC finding is not supported by substantial evidence because that finding does not reflect all of the limitations associated with her severe impairments.

More specifically, Plaintiff argues that the RFC finding is flawed because it fails to include any specific functional limitations associated with her migraine headaches, moderately limited ability to maintain social functioning, and anxiety disorder. (Pl. Br. at 11-13). Plaintiff also argues that the ALJ failed to properly account for the side effects of her medication. (*Id*. at 12).

"As factfinder, the ALJ has the sole responsibility for weighing the evidence and choosing whichever limitations are most supported by the record." *Musgrove v. Astrue*, No. 3:07-CV-0920-BD, 2009 WL 3816669, at *6 (N.D. Tex. Nov. 13, 2009) (citing *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991)). Here, the ALJ properly weighed all the evidence and rejected Plaintiff's claims that she is disabled. The ALJ found that Plaintiff has the RFC for a limited range of sedentary work. (Tr. at 24). As the ALJ explained in his written decision, this finding is consistent with (1) the objective medical evidence in the record; (2) Plaintiff's own reports of her daily activities, which include performing light housework and preparing simple meals, driving a car, riding and caring for a horse, and reading four to five books per month; and (3) the opinions of state agency medical consultants which indicate that Plaintiff is capable of the more demanding requirements of light work. (*Id.* at 25, 27, 29, 44-46, 64-65, 360-92). The state agency physicians' opinions constitute substantial evidence to support the finding that Plaintiff can perform a limited range of sedentary work. *See* 20 C.F.R. Pt. 404, Subpt. P., App. 2, § 202.00 ("The functional capacity to perform a full range of light work includes the functional capacity to perform sedentary as well as light work."); *Harris v. Callahan*, 11 F. Supp. 2d 880, 888 n.5 (E.D. Tex.1998) ("[T]he ability to perform light work includes the ability to perform sedentary work."). *See also Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987) (detailed report from consultative physician can constitute substantial evidence to support RFC finding). Although Plaintiff's treating physician opined that she was "completely and

10

totally disabled," the ALJ found this opinion was unreasonable in light of the medical evidence and Plaintiff's daily activities and, thus, not entitled to controlling weight. (Tr. at 31). The ALJ also found that Plaintiff's statements concerning her limitations were not credible to the extent alleged. (Tr. at 30).

Although Plaintiff was diagnosed with migraine headaches, (*see* Tr. at 237-38), the diagnosis of a condition, by itself, is not evidence of a functional limitation. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 757 & n.14 (E.D. Tex. 2005) (diagnosis of arthritis unaccompanied by medical finding of functional limitation did not undermine substantial evidence supporting RFC assessment for more than sedentary work). Indeed, there is no evidence that Plaintiff's ability to do work activities was functionally impaired because of migraine headaches. To the contrary, the record reflects that Plaintiff continued to work even during the time she reported having headaches three to four times a week. (Tr. at 43, 237-38). Plaintiff's ability to work despite her migraines supports the ALJ's finding that any resulting functional limitation is not disabling. *Vaughn v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995); *see also Gibson v. Astrue*, 3:11-CV-733-BH, 2012 WL 10411, at *8 (N.D. Tex. Jan. 3, 2012) (claimant's ability to work for several years with the same impairments that the claimant alleged to be disabling supports a finding of not disabled).

Plaintiff argues that the VE testified that a hypothetical individual who, like herself, suffers moderate limitations in the ability to work in coordination with or proximity to others without being distracted may not be able to perform the jobs identified by the ALJ as being within her RFC. (*See* Tr. at 71-72). A careful review of the hearing transcript reflects that the VE did not testify that such a limitation would preclude those jobs. (*See id.*). Rather, he testified only that such a limitation could "affect" those jobs and whether the jobs were totally precluded would depend on the actual

functional limitations present. (*See id.*). Here, the record shows that Plaintiff maintains relationships with her family members, spends time with others, makes friends easily, and keeps friends, even though she is "not a social person." (*Id.* at 58-59, 364, 521). The ALJ thus determined that Plaintiff had the ability to respond appropriately to supervision, co-workers, and usual work pressures; interact appropriately with the public, supervisors, and co-workers; and respond appropriately to changes in the work setting. (*Id.* at 24). The ALJ's finding that Plaintiff is capable of working as a callout operator, a document preparer, and a final assembler is supported by substantial evidence in the record, including the state agency physician's opinion that Plaintiff's non-exertional limitations "do not wholly compromise her ability to function appropriately, effectively, or independently." (*Id.* at 387, 391).

Finally, Plaintiff argues that the ALJ failed to consider the side effects of her medication and anxiety disorder when making his RFC determination. According to Plaintiff, she experiences drowsiness, dizziness, and some nausea as a result of her medications. (*See id.* at 55, 447, 477). The ALJ specifically considered these complaints and determined such side effects do not produce substantial limitations. (*Id.* at 29). Plaintiff fails to point to any evidence in the record that shows any decreased functioning attributable to any side effects of her medications beyond the limitations already set forth in the ALJ's RFC. Nor does Plaintiff offer any evidence that her anxiety resulted in additional work-related limitations beyond those provided for by the ALJ. The mere presence of an impairment or other condition does not establish the existence of a functional limitation and is not disabling per se. *See Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). The ALJ's RFC assessment incorporates all the limitations associated with Plaintiff's impairments and is supported by substantial evidence.

## **CONCLUSION**

The Commissioner's decision is AFFIRMED in all respects.

SO ORDERED, March 14, 2014.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**